

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:08CR379

GIOVANNI CHERRY

### MEMORANDUM OPINION

Giovanni Cherry, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 33.) The Government has moved to dismiss, inter alia, on the ground that the statute of limitations bars the § 2255 Motion. For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

### I. PROCEDURAL HISTORY

Cherry pleaded guilty to possession of a firearm by a convicted felon. (Plea Agreement 1, ECF No. 14.) On November 17, 2009, the Court entered final judgment and sentenced Cherry to 293 months of imprisonment. (J. 2, ECF No. 29.)

On December 9, 2013, Cherry placed the present § 2255 Motion in prison mail system for mailing to this Court. (§ 2255 Mot. 11.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Cherry asserts that the Court incorrectly sentenced him as an Armed Career Criminal. (§ 2255 Mot. 5.)

Specifically, Cherry contends that in light of the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013), (see Mem. Supp. § 2255 Mot. at 1), the "Court erred in applying the Modified Category Approach to treat prior non-violent Breaking and Entering violation of Virginia State law as predicate for sentencing" him as an Armed Career Criminal. (§ 2255 Mot. 5.)

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could

> have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. The Statute Of Limitations Bars Cherry's § 2255 Motion

Because Cherry did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, December 2, 2009, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Cherry had until December 2, 2010 to file any motion under 28 U.S.C. § 2255. Because Cherry did not file his § 2255 Motion until 2013, the statute of limitations bars the § 2255 Motion.[1]

Cherry asserts that it would constitute "a fundamental miscarriage of justice," to refuse to consider the merits of his claims. (§ 2255 Mot. 13.) "In . . . collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent." United States v. Olano, 507

---

[1] Neither Cherry nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4), or for equitable tolling.

3

U.S. 725, 736 (1993) (citation omitted). The Supreme Court has recognized that a convincing claim of actual innocence of the crime of one's conviction may allow a court to consider an otherwise time-barred claim. McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). The Fourth Circuit, however, has concluded that "McQuiggin does not apply to habeas claims based on actual innocence of a sentence." United States v. Jones, 758 F.3d 579, 587 (4th Cir. 2014), cert. denied, 135 S. Ct. 1467 (2015). Thus, Cherry's assertion that, in light of Descamps, he is now legally innocent of the sentencing enhancement for an Armed Career Criminal provides no basis for avoiding the statute of limitations. See Boyd v. United States, No. 7:08cr00003, 2014 WL 1653065, at *2 (W.D. Va. Apr. 24, 2014)("[T]he Fourth Circuit has made clear that an alleged procedural defect at a sentencing proceeding, such as the use of the modified categorical approach rather than the categorical approach, is not enough to demonstrate actual innocence of a sentencing enhancement." (citing United States v. Pettiford, 612 F.3d 270, 283 (4th Cir. 2010))).[2]

---

[2] Cherry also mentions Alleyne v. United States, 133. S. Ct. 2151 (2013) in the Memorandum in Support of his § 2255 Motion. (Mem. Supp. § 2255 Mot. 1 (citation omitted). "Alleyne requires that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element of the offense that must be proved beyond a reasonable doubt." United States v. Al-Suqi, 581 F. App'x 212, 215 (4th Cir. 2014) (emphasis added)

### III. CONCLUSION

For the foregoing reasons, Cherry's § 2255 Motion (ECF No. 33) will be denied. Cherry's Motion for Summary Judgment (ECF No. 36) will be denied. Cherry's requests for expedited consideration of his 28 U.S.C. § 2255 Motion and his Motion for Summary Judgment (ECF No. 36, 42) will be denied as moot. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Cherry and counsel for the Government.

And it is so Ordered.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 8, 2015
Richmond, Virginia

---

(citing Alleyne, 133 S. Ct. at 2155, 2162-63). Cherry fails to articulate how Alleyne renders the § 2255 Motion timely, much less provides a basis for relief. See United States v. Stewart, 540 F. App'x 171, 172 (4th Cir. 2013) (rejecting as untimely a § 2255 motion seeking relief based on Alleyne).

5