IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:08CR379

GIOVANNI O. CHERRY

## MEMORANDUM OPINION

By Order entered on June 24, 2016, the United States Court of Appeals for the Fourth Circuit granted Giovanni O. Cherry permission to file a successive 28 U.S.C. § 2255 motion in this Court. (ECF No. 60.) On June 30, 2016, Giovanni O. Cherry, appearing pro se, filed this 28 U.S.C. § 2255 Motion seeking relief based upon Johnson v. United States, 135 S. Ct. 2551 (2015). (ECF No. 61.) Specifically, Cherry contends that, in light of Johnson, he was improperly sentenced as an Armed Career Criminal and as a Career Offender under the Sentencing Guidelines. The Government has responded and agrees with Cherry that his § 2255 Motion should be granted with respect to Cherry's challenge to his designation as an Armed Career Criminal and that Cherry should be resentenced. (ECF No. 67.)[1]

---

[1] "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . Johnson's vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." United States v. Lee, No. 15-6099, --- F.3d ----, 2017 WL 1476145, at *2 (4th Cir. Apr. 25, 2017) (citation omitted). Thus, Cherry is not entitled to relief on his assertion that Johnson invalidates his

For the reasons that follow, the § 2255 Motion (ECF No. 61) will be granted.

The Court found Cherry guilty of possession of a firearm by a convicted felon. (J. 1, ECF No. 29.) As noted by the Supreme Court,

> Federal law forbids certain people-such as convicted felons, persons committed to mental institutions, and drug users-to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. §924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

Johnson, 135 S. Ct. at 2555 (citations omitted). At sentencing, it was determined that Cherry had at least three prior convictions that qualified as violent felonies. (Pre-Sentence Investigation Report ("PSR") ¶ 31.) Specifically, Cherry previously was convicted of seven charges of statutory burglary and three charges of breaking and entering.[2] (Id. ¶¶ 22-23.)

---

designation as a Career Offender under the United States Sentencing Guidelines.

[2] The Government states Cherry "had ten convictions for statutory burglary," because the Government does not distinguish between the statutory burglary convictions and the breaking and entering convictions. (ECF No. 67, at 1.) The Government does not suggest the breaking and entering convictions can serve as ACCA predicates under the current law in the United States Court of Appeals for the Fourth Circuit. United States v. Hodges, No. 7:05-CR-040, 2017 WL 1536028, at *2, *13 (W.D. Va. Apr. 27, 2017) (concluding that Virginia breaking and entering convictions could not serve as ACCA predicates).

2

The Armed Career Criminal Act ("ACCA") defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." Johnson, 135 S. Ct. at 2556. In Johnson, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. Id. at 2557.

In acknowledging that Cherry is entitled to relief, the Government states that:

> [Cherry] had ten prior convictions for [Virginia] statutory burglary. At the time of sentencing on November 16, 2009, those burglary convictions constituted "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Accordingly, defendant faced a guideline range of 188-235 months with a mandatory minimum sentence of 15 years. Without that designation, the statutory maximum for his current offense would have been 120 months. The Court granted the government's motion for an upward variance and sentenced defendant to 293 months.
> In Castendet-Lewis v. Sessions, __ F.3d __, 2017 WL 1476649 (4th Cir. Apr. 25, 2017), the Fourth Circuit revised the approach to statutory burglary under the ACCA. After previously treating Virginia burglary as a divisible offense, with a divisible portion falling within generic burglary, see, e.g., United States v. Foster, 662 F.3d 291 (4th Cir. 2011), reh'g denied, 674 F.3d 391 (4th Cir. 2012), the Fourth Circuit held in Castendet-Lewis that Virginia statutory burglary under Va. Code § 18.2-91 is not

3

divisible. The Fourth Circuit's opinion in Castendet-Lewis concluded that Foster "does not survive the Supreme Court's decision in" Mathis v. United States, 136 S. Ct. 2243 (2016). Castendet-Lewis, 2017 WL 1476649 at *7.

. . . .

In United States v. Winston, 850 F.3d 677 (4th Cir. 2017), the Fourth Circuit held that a defendant did satisfy the statute of limitations and the limitation on successive § 2255s by filing within one year of the Supreme Court's opinion invalidating the Armed Career Criminal Act's residual clause in Johnson v. United States, 135 S. Ct. 2551 (2015), because the defendant's prior conviction may have been classified as a violent felony under the residual clause.

The district court in Winston concluded that a defendant could obtain relief for a successive § 2255 (and have a timely § 2255) within one year of Johnson because it was unclear in Winston whether the residual clause was used. Thus, the district court concluded that "courts have held that—when unclear on which ACCA clause the sentencing judge rested a predicate conviction—the petitioner's burden is to show only that the sentencing judge may have used the residual clause." United States v. Winston, __ F. Supp. 3d __, 2016 WL 49440211, *6 (W.D. Va. Sept. 16, 2016). The Fourth Circuit affirmed that ruling.

. . . .

In many cases, the record will make clear that a defendant's prior burglary conviction was classified as a violent felony under the ACCA's enumerated offense of burglary. In that situation, a defendant whose conviction has been final for more than a year could not obtain relief under Mathis or Castendet-Lewis. But as long as Winston remains binding in the Fourth Circuit, the statute of limitations could be satisfied if the residual clause may have been used. At present, the United States cannot establish that the defendant's prior convictions were classified as violent felonies under the enumerated offense of burglary. Thus, under Winston, the defendant can satisfy the statute of limitations, and under Castendet-Lewis, he is entitled to a resentencing. This Court should therefore schedule a resentencing in this case.

(Gov't's Supp. Resp. 1-6, ECF No. 67.)

In light of the foregoing circumstances, Cherry's § 2255 Motion (ECF No. 60) will be granted. The Clerk will be directed to promptly appoint counsel for Cherry. The matter will be set for a prompt resentencing. The Government will be directed to obtain from the Bureau of Prisons documentation of the amount of Cherry's good time credit that has vested as of the date of this Order and that will vest as of the date of resentencing.

The Clerk is directed to send a copy of the Memorandum Opinion to Cherry and counsel for the United States.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 16, 2017