IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:08CR379
    Civil Action No. _____

GIOVANNI CHERRY

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on May 11, 2015, the Court denied a motion under 28 U.S.C. § 2255 filed by Giovanni Cherry. On July 27, 2015, the Court received from Cherry a "'MOTION TO CORRECT CLERICAL ERROR (Fed. R. Crim. P. 35(a))." (ECF No. 48.) In that motion, Cherry requests that the Court "correct the sentence imposed for felony possession of a firearm in violation of 18 U.S.C. 922(g)" in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Id. at 1.) The rule cited by Cherry provides: "(a) **Correcting Clear Error.** Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). At this late date, Rule 35(a) provides no basis for relief. Rather, as explained below, Cherry's Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus

relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). In other words, a "'motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for

2

relief from the petitioner's underlying conviction.'" United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Cherry's attempt to attack his conviction based on an alleged constitutional violations "'asserts . . . a federal basis for relief from [his] underlying [federal] conviction[s].'" McCalister, 453 F. App'x at 778 (quoting Spitznas 464 F.3d at 1215). Accordingly, the Motion (ECF No. 48) is properly construed as a successive 28 U.S.C. § 2255 motion. Because the Fourth Circuit has not authorized this Court to entertain Cherry's successive § 2255 motion, the Motion (ECF No. 48) will be dismissed for want of jurisdiction. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to Cherry and counsel for the United States.

Date: May 26, 2017
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

3